```
        IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

DAWUD J. BEST,                  *

    Plaintiff,             *

    v.                      *    CIVIL NO.: WDQ-13-3164

SAMUEL I. WHITE, P.C.,          *
    et al.,
    Defendants.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Dawud J. Best, *pro se*, sued Samuel I. White, P.C. ("SIWPC") and Capital One, N.A. ("Capital One") for violating the Fair Debt Collection Practices Act ("FDCPA")[1] and the Maryland Consumer Debt Collection Act ("MCDCA").[2] ECF No. 1. For the following reasons, the defendants' unopposed motion to dismiss will be granted.

I. Background[3]

On October 31, 2007, Best obtained a mortgage loan from Chevy Chase. *See* ECF No. 1 ¶ 7. Capital One subsequently acquired Chevy Chase's servicing rights to the mortgage loan.

---

[1] 15 U.S.C. § 1692 *et seq.*

[2] Md. Code Ann., Com. Law § 14-201 *et seq.* (West 2010).

[3] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). 1673, 128 L.Ed.2d 391 (1994).

*Id.* In 2011, Capital One "issued a Notice of Intent to Foreclose." *Id.* ¶ 9. In September 2012, Capital One appointed SIWPC attorneys as substitute trustees. *See id.* ¶¶ 10-11. On October 23, 2012, SWIPC "filed a foreclosure Order to Docket in the Prince George's County land records against Mr. Best's property." *Id.* ¶ 11. In a letter dated October 26, 2012, SIWPC stated that foreclosure of the property may occur "after 45 days from the date of this notice." *Id.* ¶ 12. On November 3, 2012, SIWPC served the foreclosure order to docket. *Id.* ¶ 14.

On October 24, 2013, Best filed suit alleging that SWIPC's notice letter misrepresented that foreclosure could occur as early as December 11, 2012, because unspecified "Maryland Code and Rules" would not "allow a foreclosure sale to occur" until December 18, 2012--"45 days from serving the foreclosure order to docket." *Id.* at 3-4. Thus, the letter allegedly violated § 1692e[4] of the FDCPA and § 14-202(8)[5] of the MCDCA. *See id.*

On January 21, 2014, the defendants moved, unopposed, to dismiss. ECF No. 9.

---

[4] Section 1692e prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[5] Under § 14-202(8), debt collectors may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

2

II. Analysis

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must

not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

Under Maryland Rule 14-205(b), "an action to foreclose a lien on residential property may not be filed until the later of (1) 90 days after a default . . . or (2) 45 days after the notice of intent to foreclose."[6] The defendants' notice properly informed Best that it could foreclose on his property after 45 days from the date of the notice. *See* ECF No. 1 ¶ 12. Best has not identified any Maryland statute or rule that the defendants have violated by the timing of their notice, nor has he alleged any other violations of the FDCPA or the MCDCA. Dismissal is appropriate.

---

[6] The secured party must send to the mortgagor a written notice that meets the requirements of Md. Code Ann., Real Prop. § 7-105.1 (West 2014). Best does not allege that the notice he received failed to comply with these requirements.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

_5/14/14_
Date

_/s/ signature_
William D. Quarles, Jr.
United States District Judge